EDGAR CRISTY, Respondent, v. SOUTHWEST MISSOURI RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 25, 1908.

MASTER AND SERVANT: Personal Injury: Contributory Negligence: Ladder. A servant's experience with an old, scarred and patched up ladder for two months enabled him to know its condition better than anyone else, and his use thereof was contributory negligence.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

REVERSED.

*McReynolds & Halliburton* for appellant.

(1) Defendant contends that the objection to the introduction of any testimony under the petition should have been sustained. The better rule is that in dealing with such simple instrumentalities as a ladder the servant has no right to rely on the promise to repair. And where the tool or appliance is a simple one of this

character, and the danger is obvious, the plaintiff has no right to rely upon the promise of the master to re-pair. Blundel v. Manufacturing Co., 189 Mo. 563; Marsh v. Chickering, 101 N. Y. 396. (2) The fact that he notified the master of the defect and asked for another instrument and the master promised to furnish the same does not render the master responsible if an accident occurs. Railroad v. Kelton, 56 Ark. 483, 13 Amer. Neg. Rep. 273; Meador v. Railroad, 138 Ind. 290, 14 Amer. Neg. Cases 550. (3) The court should have sustained demurrer to plaintiff's testimony. Steinhauser v. Spraul, 114 Mo. 551, 127 Mo. 541; Meyers v. Glass Co., 129 Mo. App. 516, 107 S. W. 1041; Blundel v. Manfacturing Co., 189 Mo. 552; Beckman v. Brewing Assn., 98 Mo. App. 561; Railroad v. Kelton, 55 Ark. 483, 13 Amer. Neg. Rep. 273; Meador v. Railroad, 138 Ind. 290, 14 Amer. Neg. Cases 550; Light & Power Co. v. Murphy, 115 Ind. 566, 14 Amer. Neg. Cases 450; Graham v. Railroad (Tex. Sup.), 91 S. W. 1081; Corcoran v. Light Co., 81 Wis. 191; Borden v. Mill Co., 98 Wis. 497; Marsh v. Chickering, 101 N. Y. 396; Glasscock v. Dry Goods Co., 106 Mo. App. 667; Wheat v. St. Louis, 179 Mo. 579.

*R. A. Mooneyham* for respondent.

(1) It is primarily the duty of the master to furnish his servant with a reasonably safe place in which to work and reasonably safe appliances with which to work and he is liable for the injuries to his servant for a failure to do so. This duty is not limited to the defects of which a master has actual knowledge, but also those latent defects which, by the exercise of ordinary care he could have discovered and this duty is a continuing one. Carter v. Baldwin, 107 Mo. App. 217; Abbott v. Mining Co., 112 Mo. App. 550; Epperson v. Cable Co., 155 Mo. 346; Hunt v. Lead Co., 104 Mo. App. 377; Curtis v. McNair, 173 Mo. 270. (2) And though

a servant knows of the defects which he claims were the cause of his injury, yet the question of whether he assumed the risk or was guilty of contributory negligence is a question for the jury (unless upon the evidence only one conclusion can be drawn, that of contributory negligence). Epperson v. Cable Co., 155 Mo. 364; Campbell v. Railroad, 175 Mo. 161. (3) Although plaintiff may have known of the defect, yet, unless it was so open and obviously dangerous that ordinary prudence would have dictated that he refuse to use it, his knowledge will not defeat a recovery. Shepherd v. Railroad, 189 Mo. 362; Hayman v. Coal Co., 156 Mo. 245; Wendler v. Furnishing Co., 165 Mo. 539; Mathis v. Stock Yards Co., 185 Mo. 434; Tuckett v. American Laundry, 84 Mo. 500; Shoe & Foundry Co. v. Jankus, 121 Ill. App. 267; Warren v. Railroad, 62 Mo. App. 184; Hinchliff v. Robinson, 118 Ill. App. 450; Citrone v. Engineering Co. (N. Y. S.), 113 App. Div. 518; Telephone Co. v. Schulz, 121 Ill. App. 573; Construction Co. v. Dunn, 93 S. W. 1032; Andrecsik v. Tube Co., N. J. Err: & App., 63 A. 719; Antletc v. Smith, 97 Minn. 217, 106 N. W. 517; Hubbert v. Glucose Co., 109 N. W. 475; Coal Co. v. Tadlock, 119 Ill. App. 310; Burch v. Railroad, 145 Fed. 443; Warner v. Railroad, 62 Mo. App. 184.

ELLISON, J.—Defendant operates an electric railway in Jasper county, and plaintiff was engaged in its service as a "lineman" when he received injuries which he charges to defendant's negligence in furnishing him unsafe appliances with which to work. He recovered judgment in the trial court.

To permit the judgment in this case to stand would, in effect, abolish the rule as to contributory negligence and make of the employer an insurer of the absolute safety of those engaged in his service. The evidence discloses that plaintiff was engaged in work on the trolley which was about twenty-two feet from the ground;

that he used a ladder in ascending to the trolley. He
alleges that the ladder was old and defective and too
weak to bear his weight, and that it had been so for
a long space of time. That its condition was known
to defendant or might have been by use of ordinary care
and oversight. That some time prior to the injury he
informed defendant of the dangerous condition of the
ladder, and that it promised to repair, and that rely-
ing on the promise he continued to use the ladder, until
the day he was hurt when he ascended to his work
and while at work it broke and threw him to the ground,
whereby he was permanently injured.

The evidence of plaintiff, given in his own
behalf, showed that he had been working with the lad-
der for about two months; that he knew it was unsafe
and weak and had been patched in four different places
where it had broken; that it had broken with
him at one time before the injury in controversy. His
evidence tends to show that the foreman knew the lad-
der was bad, but it does not show that he was ordered
to continue to use it; nor that there was any
promise of repair, except the foreman said: I will take
it in and put some rods through it. But be that as
it may, he describes the ladder in such way as to show
that its condition would have suggested to any
one that it could not be used without imminent risk.
His experience with it enabled him to know its con-
dition better than any one else. It was a simple ap-
pliance, so old, scarred and patched as to carry on its
face a warning to the most thoughtless and indifferent.
According to his own evidence there was not room for
two opinions. The demurrer to the evidence should
have been sustained. [Blundell v. Mfg. Co., 189 Mo.
552; Dakan v. Chase Mercantile Co., 197 Mo. 238; Glass-
cock v. Dry Goods Co., 106 Mo. App. 667.] In Meyer
v. Obear Glass Co., 129 Mo. App. 556, 107 S. W. 1041,
the instrument complained of was a wagon used by the

plaintiff, an experienced teamster, who knew of the defect and yet continued its use.    We there discussed the authorities and principle bearing on the question here presented, and, without further comment, refer to that case for the reasons governing this.

The judgment is reversed.    All concur.