THOMAS R. WELCH, Respondent, v. DIETER & WENZEL, Appellants.

Kansas City Court of Appeals, March 1, 1909.

1. MASTER AND SERVANT: Working Place: Reasonable Time: Risk. The master must exercise reasonable care to provide his servant a reasonably safe place in which to work and cannot increase the natural hazards of the employment by his own negligence.

2. ————: ————: ————: ————: Stonemason: Proximate Cause. The evidence relating to the fall of a stonemason while standing on a fifteen inch projection from the wall and placing a stone slab therein is reviewed and held not to accuse the master of negligence, since the risk was natural and assumed by the servant, and the proximate cause of the injury was not his insecure footing but his handling of the slab he was placing in the wall.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

REVERSED.

*A. E. Spencer* for appellants.

(1) Under the evidence plaintiff was not entitled to recover. Fugler v. Bothe, 117 Mo. 493; Steinhauser v. Spraul, 127 Mo. 541; Blundell v. Miller & Co., 189 Mo. 552; Mathis v. Stock Yards Co., 185 Mo. 434; Cristy v. Railway, 131 Mo. App. 266, 110 S. W. 694. (2) If defendants are liable here, then the master is an insurer. Plaintiff was an experienced man, the situation and all attendant dangers were open and apparent to and understood by plaintiff.

*H. L. Shannon* for respondent.

(1) If defendant was negligent in failing to furnish plaintiff with a scaffold on which to work, plain-

Welch v. Dietzer & Wenzel.

tiff did not assume the risk of danger arising out of such negligence. Dakan v. Mercantile Co., 197 Mo. 238; Cole v. Transit Co., 183 Mo. 91; Curtis v. McNair, 173 Mo. 280; Pauck v. Beef and Prov. Co., 159 Mo. 477; Settle v. Railroad, 127 Mo. 342; Charleton v. Railroad, 200 Mo. 433; Smith v. Kansas City, 125 Mo. App. 150; Harrod v. Packing Co., 125 Mo. App. 357; Naughton v. Gas Light Co., 123 Mo. App. 192; Bokamp v. Railroad, 123 Mo. App. 270; Mack v. Railroad, 123 Mo. App. 531; Phippin v. Railroad, 196 Mo. 346; Rigsby v. Oil Well Supply Co., 115 Mo. App. 303; Dodge v. Coal & Coke Co., 115 Mo. App. 504; Gamache v. Tin Foil & Metal Co., 116 Mo. App. 599. (2) It is not suggested that plaintiff was guilty of contributory negligence, but if that question is involved in the case it should be determined by a jury. Dakan v. Mercantile Co., 197 Mo. 238; Waldhier v. Railway, 87 Mo. 37; Devlin v. Railway, 87 Mo. 545; Murphy v. Railway, 115 Mo. 111; Settle v. Railway, 127 Mo. 336; Swadley v. Railway, 118 Mo. 268; Pauck v. Dressed Beef Co., 159 Mo. 467; Wendler v. House Furn. Co., 165 Mo. 527; Minner v. Railway, 167 Mo. 99; Cole v. Trasit Co., 183 Mo. 81; Lee v. Railway, 112 Mo. App. 372.

JOHNSON, J.—Action by a servant against his master to recover damages for personal injuries alleged to have been caused by the negligence of the master. At the conclusion of the evidence offered by plaintiff, the court instructed the jury to return a verdict for defendants and plaintiff took a nonsuit, with leave to move to set the same aside. Afterward, the court sustained the motion filed by plaintiff to set aside the nonsuit and to grant him a new trial. Defendants appealed.

The sole question presented for our determination is whether or not the evidence of plaintiff entitled him to go to the jury. Defendants were contractors engaged in the erection of the Connor Hotel at Joplin.

Plaintiff was a stonemason employed by them. The skeleton of the building was a steel frame which had been completed at the time of the injury. The walls of brick and stone were being filled in and this work had progressed to the second story at a height of about eighteen feet from the ground. A stone sill, level on the top encircled the building at the base of the second story and the walls of this story, consisting of brick faced with cut stone, were started upward from the sill in a way to leave the sill projecting outward from the foot of the wall some fifteen or fifteen and one-half inches. Thus the sill made a level platform or bench around the building about eighteen feet high. Plaintiff was engaged in the work of setting the stone slabs with which the brick wall on the second story was veneered. These slabs were set on edge in courses and plaintiff was setting the fourth course, the top of which was about four feet above the sill. The slab he was setting was three feet long, one foot high, four inches thick and weighed about one hundred and eighty pounds. The stones in the course underneath were two and one-half inches thick as the face of the fourth course was designed to project one and one-half inches over the lower course. The slab was carried to the place by a steam crane. Plaintiff placed a piece of brick under each end for it to rest on while he put in the mortar. He then put in a small wooden wedge at each end to support the stone while the mortar was hardening. Then he removed the pieces of brick and let the stone down on the wedges. While he was leveling the stone, one of the wedges slipped out in some way not known. This let the end of the stone down into the fresh mortar, causing the stone to slip and fall to the ground. Plaintiff, in his efforts to prevent the accident, lost his balance and fell to the ground, breaking his leg. A witness testified:

"I saw Mr. Welch standing on a wall setting a stone; Dr. Long and I were looking at him set the

stone, and it seems the stone was a trace high, and he had his left hand on the stone putting a wedge under it, a chisel bar in the right, a colored gentleman on the inside of the building and Mr. Welch on the outside, standing on the wall, and he raised the stone just a little with his bar, the chisel bar, and this wedge seemed to slip, and the way we were looking at him, it seemed like his right foot slipped on the wet mortar underneath, and he pulled the stone right down, and him and the stone come right down together."

Plaintiff had been working at the trade of stone-mason for twenty years and was a thoroughly experienced workman. He had been using the sill in lieu of a scaffold for more than a month. Two or three days before the injury, he asked the foreman to build a scaffold. The foreman complied with the request and built a scaffold for use in laying the fifth course. Plaintiff was at work while it was being built and made no request or suggestion that it be built for use in setting the fourth course. He testified: "I just told him we would have to have a scaffold there; we had went just about as high as we could possibly go; and he walked on through the building and they went to building it right away. . . . Q. You say they were putting it for the fifth? A. There wasn't any use putting it for the fourth. Q. You still had some of the fourth? A. Not very much. Q. You didn't say anything about wanting it for the fourth course? A. I didn't have very much."

After plaintiff had rested and the court heard counsel argue the demurrer to the evidence, plaintiff was recalled to the stand and testified that his request for a scaffold was made before he commenced putting on the fourth course, but his testimony considered as a whole shows conclusively that he did not consider the sill a dangerous place on which to stand and that he did not ask for a scaffold to be built for his use while his work was in easy reach from the sill. It is

fair to say, from his actions and testimony, that he considered the scaffold to be necessary only when the wall had grown too high for him to work conveniently from the sill and that he was satisfied that a scaffold was not needed for the laying of the fourth course.

These facts do not accuse defendants of any negligence, and to hold them liable for plaintiff's injury would be to say that they were insurers of their servant's safety. The injury of plaintiff was clearly the result of a natural risk of the employment—a risk assumed by him—and not of defendant's negligence. The proximate cause of the injury was the falling of the slab and this was caused, not by the insecure footing of plaintiff, but by the dislodgement of the wedge—a result obviously caused by the manner in which plaintiff handled the stone and his tools in his efforts to level the stone. If it may be said that plaintiff might have prevented the stone from falling had he been on a scaffold, his position here is not improved. It is the duty of the master to exercise reasonable care to provide his servant a reasonably safe place in which to work and not to increase the natural hazards of the employment by a negligent breach of such duty. But it is apparent that neither master nor man thought, or had reason to think, that a sill fifteen inches wide was a dangerous place to work in setting the lower courses. No one knew better than plaintiff at what stage of the work a scaffold would become necessary and defendant promptly complied with his request by building a scaffold which was satisfactory to him. If he needed the scaffold for the fourth course, he should have said so. From whatever standpoint the facts are viewed, the conclusion is irresistible that the unfortunate accident, if the fault of anyone, was the fault of plaintiff and not due to any negligence of defendants. [Fugler v. Bothe, 117 Mo. 475; Steinhauser v. Spraul, 127 Mo. 541; Blundell v. Miller, 189 Mo. 552; Mathis

v. Stock Yards Co., 185 Mo. 434; Christy v. Railway, 131 Mo. App. 266, 110 S. W. 694.]

It follows that the judgment must be reversed. All concur.